

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

STUART E. JACOBS
Assistant Corporation Counsel
phone: (212) 788-0899
fax: (212) 788-9776
email: sjacobs@law.nyc.gov

January 28, 2008

BY HAND
Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, New York 10007

MEMO ENDORSED
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and parties and filing a certificate of such service within 5 days from the date hereof. Do [not fax...]

Re: <u>Bien-Aime v. The City of New York et al.</u>, 08 CV 00090 (LTS)

Dear District Judge Swain:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant, City of New York ("City"). I am writing with the consent of plaintiff's counsel, Christopher Galiardo, Esq., to respectfully request that the City be granted a sixty-day enlargement of time, from January 30, 2008 to March 31, 2008, to answer to or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, inter alia, that plaintiff Ernst Bien-Aime was falsely arrested, falsely imprisoned, and subjected to malicious prosecution. In addition to the City, plaintiff purports to name Police Officer Kwame Kipp as a defendant.[1] Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, the City will need to obtain releases from plaintiff to obtain the underlying arrest and criminal court records. Therefore, the enlargement of time will afford us the opportunity to investigate the matter.

---

[1] Without appearing on Officer Kipp's behalf or making any representations with respect to service, I also respectfully request that Officer Kipp's time to answer or otherwise respond to the complaint also be extended until March 31, 2008.

Copies mailed/faxed to ___Pl't's Counsel___
Chambers of Judge Swain    1-31-08

  The enlargement will allow us to ascertain whether the individually named defendant has been properly served. If service has been properly effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The named defendant must then decide whether he/she wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

  In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until March 31, 2008.

  Thank you for your consideration in this regard.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)<br>
Assistant Corporation Counsel<br>
Special Federal Litigation Division

cc: BY FAX (212) 986-6250<br>
   Christopher Galiardo, Esq.<br>
   Myers & Galiardo, LLP<br>
   Attorneys for Plaintiff<br>
   122 East 42nd Street, Suite 2710<br>
   New York, NY 10168

*The request is granted.*

SO ORDERED.

LAURA TAYLOR SWAIN  1/30/08
UNITED STATES DISTRICT JUDGE

2