UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ERNST BIEN-AIME,

                                                  Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. KWAME KIPP and
P.O.S "JOHN DOE" #1-5 (said names being fictitious, as
the true names are presently unknown), Individually and in
their Official Capacities.

                                                  Defendants.

------------------------------------------------------------------------x

**ANSWER OF THE CITY OF NEW YORK AND POLICE OFFICER KIPP**

08 CV 00090 (LTS)

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendants City of New York and Police Officer Kwame Kipp by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring the action as set forth therein and further states that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring the action as set forth therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports that venue is proper in the Southern District of New York.

        5. Paragraph "5" of the complaint makes no averments of fact and, accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit that the City of New York is a municipality organized and existing under the laws of New York State and respectfully refer the Court to the New York City Charter for the relationship between the City and New York City Police Department ("NYPD").

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint pertaining to the "John Doe" defendants, except admit that P.O. Kwame Kipp is employed by the City of New York and that plaintiff purports to proceed against the individual defendant as set forth therein, and further state that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

9. Defendants state that the allegations set forth in paragraph "9" of the complaint constitute legal conclusions to which no response is required.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required and further refer the Court to the New York City Charter for the relationship between the City and New York City Police Department ("NYPD").

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint"

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was arrested on March 15, 2008.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was charged with Penal Law § 220.16 – Criminal Possession of a Controlled Substance in the Third Degree.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except that all charges against the plaintiff were dismissed on July 18, 2007.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint pertaining to "the aforementioned acts" and state that the remaining allegations constitute legal conclusions to which no response is required.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint pertaining to "the acts complained of" and state that the remaining allegations constitute legal conclusions to which no response is required.

35. Deny the allegations set forth in paragraph "35" of the complaint pertaining to "the acts complained of" and state that the remaining allegations constitute legal conclusions to which no response is required.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint, except admit that the charges against plaintiff were dismissed on July 18, 2007.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint including all sub-parts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

67. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

68. Defendants City and Kipp have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

69. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore defendants have governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

70. Defendant Kipp has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

71. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e) (h) and (i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants City or Kipp.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

73. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

74. Punitive damages are not available against the defendant City of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

75. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE**, defendants City and Police Officer Kipp request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 30, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the City of New York
                         Attorney for Defendants City Of New York and
                         Police Officer Kipp
                         100 Church St., Rm. 3-201
                         New York, New York 10007
                         (212) 788-0899

By: _____
      Stuart E. Jacobs (SJ 8379)
      Assistant Corporation Counsel
      Special Federal Litigation

To:   Christopher D. Galiardo, Esq.
      *Attorney for Plaintiff*
      122 E. 42nd St., Suite 2710
      New York, New York 10168

08 CV 00090 (LTS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ERNST BIEN-AIME,<br><br>                                              Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, P.O. KWAME KIPP and P.O.S "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities<br><br>                                              Defendants. |
| **ANSWER OF DEFENDANTS CITY OF NEW AND POLICE OFFICER KIPP** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants City of New*<br>   *York and Police Officer Kipp*<br>*100 Church St.*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Stuart E. Jacobs*<br>*Tel: (212) 788-0899* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................., 200 . . .*<br><br>*.................................................................. Esq.*<br><br>*Attorney for.....................................................* |