UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ERNST BIEN-AIME,

                                     **Plaintiff,**

                    -against-

THE CITY OF NEW YORK, P.O. KWAME KIPP and P.O.S
"JOHN DOE" #1-5 (said names being fictitious, as the true
names are presently unknown), Individually and in their
Official Capacities.

                                     **Defendants.**

------------------------------------------------------------------ x

**PRELIMINARY PRE-TRIAL STATEMENT**

08 Civ. 00090 (LTS)

JURY TRIAL DEMANDED

### A.    Statement of the Nature of the Action

Plaintiff brings this action to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of a right, privilege, and immunity secured to plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983).

### B.    Parties' Statements Regarding Jurisdiction

**Plaintiff –**

Plaintiff claims jurisdiction is based upon the existence of a federal question. Also, jurisdiction is based upon USC 1343(3)&(4) this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage, of a right, privilege, and immunity secured to a plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**Defendants -**

Defendants City and Police Officer Kwame Kipp do not contest the Court's jurisdiction over this action.

### C.    Material Uncontested/Admitted Facts

At this time, there are no admitted facts and no material facts which are uncontested.

D. **Uncontested Legal Issues**

At this time, there are no uncontested legal issues.

E. **Legal Issues for Decision by the Court**

At this time, there are no legal issues to be decided by the Court. The parties agree to expeditiously bring any legal issues that the Court must decide to the Court's attention at the appropriate time.

F. **Material Disputed Facts**

All facts are disputed.

G. **Legal Basis for Plaintiff's Claims (FILL IN THE BLANKS)**

Plaintiff claims that on March 16, 2007, he was falsely arrested and charged with physically possessing drugs with the intent to sell them, a B Felony. Plaintiff denies possessing the drugs and avers that the defendant officers falsely accused him of the possession for collateral reasons, including but not limited to, an investigation the police were conducting as to whether plaintiff was aware that his car had been used as an instrumentality in a separate crime. The charges against plaintiff were dismissed by the motion of the prosecution. Plaintiff is making a claim for that his civil rights were violated pursuant to 42 USC 1983 in that the officers who committed these acts against plaintiff were acting not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as a police officer of said state, city and county.

H. **Legal Basis for the Defenses**

- The complaint fails to state a claim upon which relief can be granted.

- Defendants City and P.O. Kipp have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

- Defendants City and NYPD have governmental immunity from liability.

- Any injury alleged to have been sustained resulted from plaintiff's own culpable conduct and was not the proximate result of any act of defendants City or P.O. Kipp.

- There was probable cause for plaintiff's arrest, detention and prosecution.

- Plaintiff provoked any incident.

- P.O. Kipp has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

- At all times relevant to the acts alleged in the complaint, P.O. Kipp acted reasonably in the proper and lawful exercise of his discretion.

I.   **Measure and Burden of Proof for Each Cause of Action or Defense**

**Plaintiff –**

Plaintiff bears the burden of proof as to his claims by a preponderance of the evidence.

**Defendants –**

Defendants bear the burden of proof by a preponderance of evidence with respect to their affirmative defenses.

J.   **Amendments to the Pleadings**

The parties submit that amendments to the pleadings be made by: **June 2, 2008**

**Plaintiff –**

Plaintiff does anticipate amending his pleadings in order to include additional individual police officers as defendants once their identities are ascertained through discovery.

**Defendants -**

Defendants City and NYPD do not anticipate any amendment to their pleading.

K.   **Magistrate Trial**

The parties do not consent to trial of the case by the magistrate judge.

L.   **Changes to the Requirements of Fed.R.Civ.P. 26**

None. The parties submit that disclosures pursuant to Fed. R. Civ. P. 26 should be completed by: **April 30, 2008**

M.   **Subjects of Discovery and the Respective Parties' Discovery Plans**

The parties submit that all discovery should be completed by: **October 10, 2008**

**Plaintiff –** Plaintiff intends to conduct discovery which includes, but is not limited to, serving Interrogatories and Requests for Production of Documents, Requests for Admission, and

deposing the arresting officer as well as any other officers identified who have relevant knowledge regarding plaintiff's arrest and/or the investigation regarding the improper use of his car by another individual. Plaintiff also intends to depose any necessary non-party witnesses.

**Defendants -**

Defendants City and P.O. Kipp intend to conduct discovery which includes, but is not limited to, serving Interrogatories and Requests for Production of Documents, Requests for Admission, and deposing the plaintiff and any necessary non-party witnesses. Defendants City and P.O. Kipp will seek information and statements regarding the subject incident and information from the plaintiff including, but not limited to, employment authorizations and records, information regarding prior lawsuits, and prior arrests.

**N.**     **Expert Evidence**

**Plaintiff** –     None anticipated.

**Defendants** – None anticipated.

**O.**     **Limitations on Discovery**

None.

**P.**     **Status of and Prospects for Settlement**

At this time, the parties have had very preliminary settlement discussions, although the prospect for settlement at this time is unknown. Both parties, however, remain amenable to engaging in continued settlement discussions after plaintiff has issued a formal demand.

**Q.**     **Jury Trial**

The parties have requested a jury trial and anticipate that trial should last approximately two to three days.

**R.**     **Other Matters**

None at this time

Dated: April 4, 2008
      New York, New York


| _____/s/_____ | _____/s/_____ |
|---|---|
| CHRISTOPHER D. GALIARDO | STUART E. JACOBS |
| Myers & Galiardo, LLP | Assistant Corporation Counsel |
| *Attorneys for Plaintiff* | *Attorneys for Defendants City and* |
| 122 East 42nd Street, Suite 2719 | *P.O. KIPP* |
| New York, New York | Corporation Counsel of the |
| (212) 986-5900 | City of New York |
| | 100 Church Street |
| | New York, New York 10007 |
| | (212) 788-0899 |